IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARQUIS VERNARD WALKER,

      Plaintiff,                    No. CIV S-07-1323 WBS EFB

      vs.

T. FELKER, et al.,

      Defendants.            <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On August 27, 2007, the court found that plaintiff had stated a claim only as to defendant James. The order instructed plaintiff that he could proceed against that defendant or, alternatively, file an amended complaint to attempt again to state a claim against the other named defendants. Plaintiff chose the latter and filed an amended complaint on November 19, 2007. Notwithstanding the finding in the August 27, 2007, order that the original complaint stated a claim as to defendant James, plaintiff's amended complaint omits all claims against that defendant. Unless plaintiff again amends to include his claims against James, which the court previously found cognizable, the action will not proceed against that defendant.

////

The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Roche, Dial, French, Cox, Bates, and Snyder.  *See* 28 U.S.C. § 1915A.

The amended complaint does not state a cognizable claim against defendant Felker.

Plaintiff may proceed forthwith to serve defendants Roche, Dial, French, Cox, Bates, and Snyder and pursue his claims against only that defendant or he may delay serving that defendant and attempt again to state a cognizable claim against defendants Felker and James.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Felker and James, he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Roche, Dial, French, Cox, Bates, and Snyder, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Felker without prejudice.

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff names T. Felker, Warden of High Desert State Prison, as a defendant but does not state any charging allegations against him.  To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous

indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is

3

1 further admonished that by signing an amended complaint he certifies his claims are warranted
2 by existing law, including the law that he exhaust administrative remedies, and that for violation
3 of this rule plaintiff risks dismissal of his entire action, including his claims against defendant
4 Felker.

5     Accordingly, the court hereby orders that:

6     1. Claims against defendant Felker are dismissed with leave to amend. Within 30 days
7 of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims
8 against these defendants. Plaintiff is not obliged to amend his complaint.

9     2. The allegations in the pleading are sufficient at least to state cognizable claims against
10 defendants Roche, Dial, French, Cox, Bates, and Snyder . *See* 28 U.S.C. § 1915A. With this
11 order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading
12 filed November 19, 2007, six USM-285 forms and instructions for service of process on
13 defendants Roche, Dial, French, Cox, Bates, and Snyder. Within 20 days of service of this order
14 plaintiff may return the attached Notice of Submission of Documents with the completed
15 summons, the completed USM-285 forms, and two copies of the November 19, 2007, complaint.
16 The court will transmit them to the United States Marshal for service of process pursuant to Fed.
17 R. Civ. P. 4. Defendants Roche, Dial, French, Cox, Bates, and Snyder will be required to
18 respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this
19 event, the court will construe plaintiff's election to proceed forthwith as consent to an order
20 dismissing his defective claims against defendant Felker without prejudice.

21 Dated: April 21, 2008.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARQUIS VERNARD WALKER,

      Plaintiff,              No. CIV S-07-1323 WBS EFB

   vs.

T. FELKER, et al.,             <u>NOTICE OF SUBMISSION<br>OF DOCUMENTS</u>

      Defendants.

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

        One      completed summons

        ____      completed USM-285 forms

        ____      copies of the _____<br>                                      Complaint/Amended Complaint

DATED:

                                              _____<br>                                              Plaintiff