IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARQUIS VERNARD WALKER,

        Plaintiff,                    No. CIV S-07-1323 WBS EFB P

    vs.

T. FELKER, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's January 29, 2009 second amended complaint, wherein plaintiff alleges that defendants Roche, Dial, French, Cox, Bates, Snyder and James were deliberately indifferent to his medical needs with respect to an injury to his right hand. On October 29, 2008, plaintiff filed a motion for a preliminary injunction, which he supplemented with a letter filed on November 24, 2008. Construing these two filings together as a motion for a preliminary injunction, the court finds that plaintiff is not entitled to the relief he seeks.

        Plaintiff requests that the court compel "defendants, their successors, agents, employees, and all persons acting in concert with them," to stop retaliating against plaintiff for having filed the complaint in this action as well as other inmate appeals, to transfer plaintiff to another institution, to hold a hearing to determine whether plaintiff has actually committed certain rule

violations for which he was accused of and found guilty, and to order that his central file, his rap sheet, and his arrest record be cleared of all claims of wrongdoing.  Pl.'s Mot. for Prelim. Inj. (Docket No. 21) ("Pl.'s Mot.") at 5; Pl.'s Mot. for Prelim. Inj., Mem. of P. & A. in Supp. Thereof (Docket No. 22) ("Pl.'s P. & A.") at 7, 8.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989).  A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor."  *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted).  "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation.  No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006).  If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly.  *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The threatened injury must be immediate.  *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in nature, there must be no adequate remedy at law.  *Stanley v. University of S. Cal.*, 13 F.3d 1313,

1320 (9th Cir. 1994).  If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

In his motion, plaintiff asserts that unspecified individuals have retaliated against him in various forms, including falsely charging him with various rule violations and subsequently denying him due process at his hearings, placing him in administrative segregation, interfering with his ability to file administrative grievances, threatening to assault him, forcing him to accept a known enemy as a cellmate, sexually harassing him during an unclothed body search, searching his cell, interfering with his mail, spreading rumors about him to endanger his safety, and denying him soap, toilet paper, a toothbrush and other materials for a period of ten days. This action, however, is not proceeding on any claim of retaliation.  Because the retaliation claims raised in plaintiff's motion for injunctive relief are not part of the underlying complaint, the allegations do not assist plaintiff in showing a likelihood of success on the merits in this action. Nor has plaintiff otherwise demonstrated probable success on the merits or that serious questions have been raised.  If plaintiff wishes to pursue a claim for relief based on the incidents described in his motion, he must file a separate action.

Additionally, plaintiff's motion does not name as wrongdoers any of the named defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

Finally, plaintiff explains that one of the purportedly false rule violations of which he was found guilty has resulted in criminal proceedings against him in the Lassen County Superior Court, where he has been appointed counsel.  Pl.'s Mot. at 2; Pl.'s P. & A. at 2, 6.  According to plaintiff, he will suffer irreparable harm if an injunction is not granted because the Lassen County proceedings may result in a life sentence for him.  Pl.'s Mot. at 4; Pl.'s P. & A. at 5. However, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under

special circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Super. Court*, 23 F.3d 218, 223 (9th Cir. 1994). The court finds that these factors are met in the present case. Accordingly, to the extent plaintiff is requesting that this court interfere with the pending criminal proceedings in Lassen County Superior Court, the court must abstain.

Accordingly, it is hereby RECOMMENDED that plaintiff's October 29, 2008 and November 24, 2008 filings, construed together as motion for a preliminary injunction, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE