1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARQUIS VERNARD WALKER,

11              Plaintiff,                    No. CIV S-07-1323 WBS EFB P

12        vs.

13   T. FELKER, et al.,

14              Defendants.                   ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On March 3, 2010, plaintiff filed a document with the court, noting that

18   defendants Bates, James, French, Roche and Snyder had not filed a motion for summary

19   judgment and that the time for doing so had passed.  Dckt. No. 73.  Plaintiff acknowledged that

20   defendants Dial and Cox had filed a motion for summary judgment, and requested that he be

21   allowed to proceed to trial against defendants Bates, James, French, Roche and Snyder after

22   resolution of the pending motion for summary judgment.  *Id.*  On March 23, 2010, plaintiff filed

23   another document, requesting that defendants Bates, James, French, Roche and Snyder be

24   directed to move for summary judgment.  Dckt. No. 75.  In response, defendants Bates, James,

25   French, Roche and Snyder filed a statement of no opposition, indicating their belief that such a

26   motion would be successful and beneficial to the court, and requested 60 days to prepare such a

1

1   motion.  Dckt. No. 76.  Thereafter, plaintiff opposed defendants' request for 60 days to prepare a

2   motion for summary judgment and requested that the court "enter [a] scheduling order for pre

3   trial."  Dckt. No. 78 at 2.  Plaintiff has also requested the appointment of counsel.  Dckt. No. 77.

4       The January 8, 2010 deadline for filing dispositive motions was established by the June

5   22, 2009 discovery and scheduling order.  Dckt. No. 41.  Requests to modify a deadline

6   established by the scheduling order are governed by Rule 16 of the Federal Rules of Civil

7   Procedure.  A schedule may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).

8   Good cause exists when the moving party demonstrates he cannot meet the deadline despite

9   exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

10  1992).  The court will not modify the scheduling order, as neither party has addressed the good

11  cause requirement of Rule 16(b).  After resolution of the pending motion for summary judgment

12  filed by defendants Dial and Cox, the court will order the filing of pretrial statements by plaintiff

13  and all remaining defendants.  Thereafter, the matter will be scheduled for trial.

14      The court also notes that district courts lack authority to require counsel to represent

15  indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296,

16  298 (1989).  In exceptional circumstances, the court may request counsel voluntarily to represent

17  such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991);

18  *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no

19  exceptional circumstances in this case.

20      Accordingly, IT IS HEREBY ORDERED that:

21      1.  The Clerk of the Court is directed to terminate docket entries numbered 73 and 75.

22      2.  Plaintiff's April 15, 2010, request for appointment of counsel is denied.

23  DATED:  April 21, 2010.

24  _____
    EDMUND F. BRENNAN
25  UNITED STATES MAGISTRATE JUDGE

26

2