IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARQUIS VERNARD WALKER,

      Plaintiff,                    No. CIV S-07-1323 WBS EFB P

    vs.

T. FELKER, et al.,

      Defendants.          ORDER

/

       Plaintiff is a state prisoner proceeding with counsel in an action brought under 42 U.S.C. § 1983. The parties have filed a document titled "Stipulation and [Proposed Order] for Shortening Time for Hearing on the Motion for Bhavani G. Murugesan for Leave to Withdraw as Counsel." Dckt. No. 100.

       On January 7, 2011, after plaintiff, then proceeding pro se, defeated defendant Cox's motion for summary judgment, the court appointed attorney Bhavani G. Murugesan to represent plaintiff for all further proceedings. Dckt. Nos. 83, 90. Ms. Murugesan was selected from the court's pro bono attorney panel. Dckt. No. 90.

       On January 19, 2011, the court scheduled a final pretrial conference for February 23, 2011. Dckt. No. 91. The court directed the parties to file a joint pretrial statement no later than February 9, 2011. *Id.*

On February 7, 2011, the parties filed a stipulation to extend the deadline for filing the joint pretrial statement, from February 9, to May 4, 2011. Dckt. No. 92. Counsel for all parties represented that "it is their collective objective to prepare a meaningful joint pretrial statement that will expedite the Court's pretrial planning process." *Id.*, ¶ 7.

On February 10, 2011, the court extended the deadline for filing the joint pretrial statement to May 4, 2011, and continued the pretrial conference to May 18, 2011. Dckt. No. 93.

On March 31, 2011, plaintiff moved to dismiss defendant Snyder from this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Dckt. No. 94. By the terms of Rule 41(a)(1)(A)(i), a plaintiff may file a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Defendant Snyder filed an answer on June 15, 2009. Dckt. No. 39. Accordingly, on May 4, 2011, the court denied plaintiff's motion without prejudice to the filing of a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), or a request for dismissal pursuant to Rule 41(a)(2). Dckt. No. 96. To date, plaintiff has not taken any further action to dismiss defendant Synder from this action.

On May 2, 2011, two days before the extended deadline for filing the joint pretrial statement, the parties filed a "Stipulation for Joint Scheduling Plan Reopening Discovery." Dckt. No. 95. The stipulation was premised on "the recent appointment of counsel for plaintiff," and sought to "re-open discovery for all purposes" and allow all parties "the right to bring dispositive motions even if they have been previously brought." *Id.* According to the stipulation, the joint pretrial statement would be due by February 29, 2012. *Id.* Approval of the parties' stipulation would have required modification of the June 22, 2009 discovery and scheduling order. Dckt. No. 41. A discovery and scheduling order may only be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Since the May 2nd stipulation was not supported by good cause, the court did not approve it. Dckt. No. 96.

On May 4, 2011, the parties filed a document titled "Stipulation and [Proposed] Order for Continuance of Pretrial Conference." Dckt. No. 97. Plaintiff's counsel indicated that in March of 2011 she concluded that further, unspecified discovery was necessary to adequately prepare the case, and because the parties believed that the court would approve of the parties' May 2nd stipulation, "little effort had been made to confer and prepare the pretrial statement." *Id.*, ¶¶ 3, 7. The parties stipulated to continuing the joint pretrial conference from May 18, 2011 to June 7, 2011, and to filing the joint pretrial statement on May 24, 2011. *Id.* On May 5, 2011, the court approved the parties' stipulation and extended the deadline for filing the joint pretrial statement to May 24th and continued the pretrial conference to June 7, 2011. Dckt. No. 98.

On May 19, 2011, Ms. Murugesan filed a motion to withdraw as counsel for plaintiff. Dckt. No. 99. In violation of Local Rule 230(b), Ms. Murugesan failed to notice the motion for hearing. *See* E.D. Cal. L.R. 230(b). Ms. Murugesan explains that during the week of May 16, 2011, she accepted new employment with a law firm that represents medical insurance companies and doctors "against inmate complaints from various California correctional institutes." Dckt. No. 99. Ms. Murugesan states that her current representation of an inmate "against doctors will ethically interfere with her new employment as a medical malpractice defense attorney." *Id.* Ms. Murugesan describes her attempts to give notice to her client of her motion to withdraw, *see id.*, but does not otherwise address what reasonable steps she has taken "to avoid reasonably foreseeable prejudice to the rights of the client . . . ." Cal. R. Prof'l Conduct 3-700(A)(2); E.D. Cal. L.R. 182(d). Nor does Ms. Murugesan address the possibility of whether this potential conflict of interest can be waived.

On May 23, 2011, the parties filed a document titled "Stipulation and [Proposed Order] for Shortening Time for Hearing on the Motion for Bhavani G. Murugesan for Leave to Withdraw as Counsel." Dckt. No. 100. Ms. Murugesan requests that the court hear her motion to withdraw on Wednesday, May 25, 2011, and indicates that defendants' counsels do not object to her request to shorten time or to her withdrawing from this case. *Id.*

3

1   IT IS HEREBY ORDERED that the parties' Stipulation and [Proposed Order] for
2 Shortening Time for Hearing on the Motion for Bhavani G. Murugesan for Leave to Withdraw
3 as Counsel, wherein plaintiff's counsel requests that the court hear her motion to withdraw on
4 Wednesday, May 25, 2011, is DENIED.  IT IS FURTHER ORDERED that plaintiff's motion to
5 withdraw (Dckt. No. 99) will be heard on Friday, May 27, 2011 at 10:00 a.m., in Courtroom No.
6 24.

7 DATED: May 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4